```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BARCODE APPAREL, LLC,

                        Plaintiff,                            07 Civ. 6111(PKC)

        -against-
                                                              ORDER
PEAR CONNECTION INC and KENPO
INC.,

                        Defendants.
-----------------------------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-10-07

P. KEVIN CASTEL, U.S.D.J.:

        Plaintiff Barcode Apparel, LLC brings this action invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. Barcode Apparel, LLC is alleged to be a limited liability company. A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company. See Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48, 51-52 (2d Cir. 2000)( citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir.1998)); Strother v. Harte, 171 F.Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."). Rule 8(a), Fed. R. Civ. P.

        With respect to defendant Kenpo Inc. ("Kenpo"), plaintiff alleges Kenpo " is a clothing manufacturer in Los Angeles, California with offices at 305 E. 8th Street, Los Angeles, California 90014." (Complaint ¶ 5) Neither the state of incorporation nor the principal place of business of Kenpo is alleged. While the place of incorporation of Pear Connection Inc. ("Pear") is alleged (California), only a last known address (New York) is alleged and not its principal place of business. If, for example, the principal place of business of Pear is New

York and any of the members of the plaintiff limited liability company is a citizen of New York, then, of course, there would be no subject matter jurisdiction.

The limited subject matter jurisdiction of a district court is best addressed at the outset of a case. It falls upon the district court to raise issues of subject matter jurisdiction <u>sua sponte</u> lest parties who prefer a federal forum remain silent about a deficiency in the court's jurisdiction. Valuable time of litigants and the court is wasted when a case must be dismissed months or years down the road for want of jurisdiction. The waste is all the more unfortunate because the parties could have litigated the claims in state court.

By August 3, 2007, plaintiff shall amend its complaint to allege the citizenship of each constituent person or entity of the plaintiff limited liability company (including the state of incorporation and principal place of business of any entity member) and the state of incorporation and principal place of business of each defendant. If, by the foregoing date, plaintiff is unable to amend to truthfully allege complete diversity of citizenship, then the complaint will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

P. Kevin Castel
United States District Judge

New York, New York
July 10, 2007