BALLON STOLL BADER & NADLER, P.C.
Vano Haroutunian (VH-1010)
Attorneys for Plaintiff
1450 Broadway - 14th Floor
New York, New York 10018
(212) 575-7900

JUL 27 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
BARCODE APPAREL, LLC,

                      Plaintiff,

        - against -

PEAR CONNECTION INC., KENPO INC.
and JOHN DOES 1 - 5

                    Defendants.
-------------------------------------------------------x

Case No. 1:07-CV-06111 (PKC)

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, BARCODE APPAREL, LLC. ("Plaintiff" or "Barcode"), by its attorneys, Ballon Stoll Bader & Nadler, P.C., complaining of defendants, states:

### JURISDICTION AND VENUE

1.    Jurisdiction is based upon **28 U.S.C. §1332(a) (2)**, as plaintiff Barcode Apparel, LLC. is a limited liability company organized and existing under the laws of New York, having its principal place of business at 1407 Broadway, Suite 305, New York, New York (whose sole member is a New York resident, domiciled in Kings County, New York); defendants PEAR CONNECTION, Inc. ("Pear") and KENPO Inc. ("Kenpo") are both corporations organized and existing under the laws of California, having their principal places of business at 305 E. 8th Street, Los Angeles, California, and the "John Doe" defendants are

believed to be citizens of California (all of the defendants are sometimes collectively referred to as "defendants").

2.  Venue is appropriate in this District pursuant to **28 U.S.C. §1391(b)** and **29 U.S.C. § 1132(e)(2)**, in that defendant Pear has a place of business in this District at 1385 Broadway, New York, New York, and a substantial part of the events occurred in this District.

### THE PARTIES

3.  Plaintiff Barcode and defendants are all engaged in the manufacturing, importing and wholesale distribution of apparel. Pear and Kenpo also market and sell apparel, *inter alia,* using elements of each other's names as their brands and labels, e.g., Kenpo has marketed and sold apparel with the labels and brand names "Pear Connection" and "PCI" and Pear has marketed or sold apparel with the label and brand name "Kenpo."

4.  The "John Doe" defendants are persons whose true names are not yet confirmed by plaintiff but, upon information and belief, are or were shareholders, officers, employees, agents or persons otherwise associated with one or more of the other defendants, or were otherwise in positions which enabled them to commit, or to aid and abet in the commission of, the wrongful acts against Barcode set forth herein.

### NATURE OF ACTION

5.  Barcode brings this action to recover a balance of $286,398.80 past due and owing for goods purchased and received from Barcode. The goods had a contract price and invoiced price and reasonable value of $328,389.20, of which only $41,990.40 has been paid, leaving a balance past due and owing of $286,398.80, with interest on plaintiff's

invoices beginning from September 22, 2006.

6. Upon information and belief, in committing the wrongful conduct against plaintiff described in this action and obtaining the benefits therefrom, Pear operated Kenpo as its agent, instrument or alter ego, Kenpo operated Pear as its agent, instrument or alter ego, or one or more of the "John Doe" defendants operated Pear and Kenpo as his or her agents, instruments or alter egos and/or as the agents, instruments or alter egos of each other.

## FACTS APPLICABLE TO ALL CLAIMS FOR RELIEF

7, On or about and between September 22, 2006 and October 17, 2006, defendants, in the name of Pear, purchased and received from Barcode, and Barcode sold and delivered to defendants, sportswear garments having an agreed contract and invoiced price and a reasonable value of $328,389.20.

8. The items of Barcode's claim, in the form of its invoices, are annexed as Exhibit A and are numbered and set forth as follows:

| Item No. | Invoice No. | Invoice Date | Payment Due | Agreed Price and Reasonable Value |
|---|---|---|---|---|
| 1 | 200182 | Sept. 22, 2006 | Nov. 21, 2007 | $ 16,200.00 |
| 2 | 200184 | Sept. 22, 2006 | Nov. 21, 2007 | $ 25,790.00 |
| 3 | 200185 | Sept. 22, 2006 | Nov. 21, 2007 | $ 57,283.20 |
| 4 | 200206 | Sept. 27, 2006 | Nov. 26, 2007 | $ 13,867.20 |
| 5 | 200207 | Sept. 27, 2006 | Nov. 26, 2007 | $ 25,500.00 |
| 6 | 200232 | Oct. 06, 2006 | Dec. 05, 2007 | $ 45,748.80 |
| 7 | 200278 | Oct. 17, 2006 | Dec. 16, 2007 | $144,000.00 |
| | Total of plaintiff's invoices for goods sold and delivered: | | | $328,389.20 |
| | Payment on account - check 55906 - 12/6/06: | | | ($ 41,990.40) |
| | **Balance past due and owing to plaintiff:** | | | **$286,398.80** |

9. After defendants had received all of the garments ordered from Barcode, they began a series of ploys and maneuvers to delay paying for the goods and to evade payment of the major part of the amount payable for the goods.

10. Thus, the invoices in **Exhibit A**, show that payment totaling $99,273.20, for Barcode's first three invoices dated September 22, 2007 on sixty-day terms, was due on November 21, 2006. Defendants did not make those payments when they were due. Instead, defendants sent a check, over two weeks late, in the sum of $41,990.40, less than half of the total due.

11. Moreover, defendants' late check of $41,990.40 is actually the *only* payment defendants have ever made on account of the goods totaling $328,389.20.

12. The numbered schedule of sales in Paragraph 9 above and the actual invoices in **Exhibit A** show that further payment of $39,367.20 for Barcode's next two invoices, dated September 27, 2007 on sixty-day terms, was due on November 26, 2006, and defendants failed to make that payment. Another payment of $45,748.80 was due on December 5, 2006 and a final payment of $144,000 was due on December 16, 2006. Defendants failed to make any of those payments.

13. Thus, by December 16, 2006, the entire balance of $286,398.80 was past due and owing to Barcode by the defendants.

14. Plaintiff contacted the defendants, both in their showroom in Manhattan and in their offices in Los Angeles, to request that they pay for the goods as they had agreed to do.

15.     No payment was ever made and defendants' pattern of excuses and broken promises continued through the New Year and for several weeks afterward.

16.     In mid-January, 2007, defendants changed position and began demanding that

Barcode accept large returns, for partial credit against its invoices, of goods which defendants had received and accepted months before. Defendants stated that if Barcode would do so, they would then immediately pay the remaining balance due of their account, but that if Barcode did not do so, they would not make any further payment whatsoever.

17.     Barcode saw no practical choice but to agree to take back certain specified goods from defendants for full credit and agreed to do so, on two conditions. First, Barcode would accept returns if all of certain specified garments were returned in good and cogent order (i.e., neatly, and in their color-coordinated sets of tops and bottoms, so that Barcode could try to re-sell them in matching sets as they were made to be sold). The second condition was that defendants would then, immediately pay Barcode for the unreturned balance of the goods.

18.     Defendants agreed to and promised to abide by the above conditions but thereafter failed and refused to do so. They returned un-matched garments in dirty and wrinkled condition, stuffed into cartons in no order, and did not pay for the unreturned balance of the goods.

19.     Thereafter, defendants presented Barcode with a further ultimatum, that they would not pay any amount to Barcode whatsoever unless Barcode agreed to and did issue

a further credit to them against the balance due, and that if Barcode would issue such a further credit, defendants would then finally pay the balance of their account.

20. Barcode again saw no alternative but to capitulate to defendants' extortionate demand, and did so but defendants again failed and refused to pay Barcode the balance of their account.

## FIRST CLAIM FOR RELIEF

21. Barcode repeats its statements made above as if fully stated hereat.

22. By reason of the foregoing, Barcode is entitled to recover, from defendant Pear, the balance remaining past due and owing for the goods sold and delivered, in the principal sum of $286,398.80 with interest on plaintiff's invoices beginning from September 22, 2006.

## SECOND CLAIM FOR RELIEF

23. Barcode repeats its statements made above as if fully stated hereat.

24. Defendants made their promises of payment in connection with their extortionate demands described in Paragraphs 16, 18 and 19, above, with the preconceived and undisclosed intention not to perform said promises, and did so in furtherance of a tortious intention to evade their obligations to pay for goods which they had agreed to and had purchased, received and accepted.

25. Barcode relied upon defendants' promises as aforesaid and as a result, Barcode has been damaged in the sum of $286,398.80 with interest on plaintiff's invoices beginning from September 22, 2006, together with its attorneys' fees incurred in this action.

26. By reason of the foregoing, defendant Kenpo and one or more John Doe defendant, have utilized the corporate form of defendant Pear as a cloak for their wrongful and illegal conduct against Barcode, which said defendants engaged in for their individual illegal gain and benefit, and are jointly and severally liable for the balance due and owing to Barcode of $286,398.80, with interest on plaintiff's invoices beginning from September 22, 2006.

27. The within claims arise from defendants' transaction of business in the State of New York, in person or through agents, or from their commission of tortious acts inside and outside New York having consequences within the State, and defendants derive substantial income from interstate commerce.

### THIRD CLAIM FOR RELIEF

28. Barcode repeats its statements made above as if fully stated hereat.

29. At all times relevant to this action defendants Pear and Kenpo were under the common ownership and control of one or more of the John Doe defendants, one of whom plaintiff believes is named or known as Karnail Singh a/k/a Karnail Singh ("Singh").

30. Kenpo or John Doe was in full control of the shipments made by Barcode pursuant to Pear's purchase orders, including, *inter alia*, being in control of the extortionate demands to make late returns of goods delivered by Barcode and for Barcode's issuance of undeserved credits against the balance owed to it, under threat of not being paid at all.

31. Upon information and belief, Pear and Kenpo share one or more of the same employees, business premises at 305 8th Street, Los Angeles, California, at least one bank account in which funds of both companies are commingled and other business assets,

operations, opportunities and resources, resulting in each of them being the alter ego of the other, and of their common principal or controlling shareholder, officer or director John Doe.

32. By reason of the foregoing, defendant Kenpo and one or more John Doe defendant should be held jointly and severally liable with defendant Pear, as the latter's alter ego, for the balance due and owing to Barcode of $286,398.80, with interest on plaintiff's invoices beginning from September 22, 2006.

33. The within claims arise from defendants' transaction of business in the State of New York, or from their commission of tortious acts inside and outside New York having consequences within the State, and defendants derive substantial income from interstate commerce. At all relevant times herein, Pear was the alter-ego of Kenpo.

WHEREFORE, Barcode Apparel demands judgment jointly and severally against defendants Pear Connection, Inc., Kenpo, Inc. and John Does 1 through 5, in the sum of $286,398.80 with interest on each of Barcode's invoices beginning from September 22, 2006, together with Barcode's attorneys fees in this action, for the costs and disbursements and for such other and further relief as this Court may deem just.

Dated: July 24, 2007
New York, New York

BALLON STOLL BADER & NADLER, P.C.

By_____
Vano Haroutunian (VH-1010)
Attorneys for Plaintiff
1450 Broadway - 14th Floor
New York, New York 10018
(212) 575-7900

# EXHIBIT A

Case 1:07-cv-06111-PKC   Document 5   Filed 07/27/2007   Page 9 of 16

BARCODE APPAREL
1407 BROADWAY
SUITE #305
NEW YORK, NY 10018
Duns:

INVOICE ASSIGNED TO OMNI COMM.
PAYABLE IN U.S. DOLLARS TO:
THE CIT GROUP
P.O. BOX 1036
CHARLOTTE, NC 28201
Approval#: 00

Returns: 17 EMPIRE BLVD.
SOUTH HACKENSACK, NJ 07606

PEAR CONNECTION INC.
305 E 8TH. STREET
LOS ANGELES CA 90014

PEAR CONNECTION INC
2552 E OLYMPIC BLVD
LOS ANGELES CA 90023

EAGLE SYSTEMS                199 7770

                                              NET 60

PEA-1      1    Inv#
                200182    09/22/06
                                              05380           005092/2

           B/L# 09774440000011483

B2001-4    Sizes-->    4  5/6    7
           ASSORT    B 296 888 592
B2001-8    Sizes-->   80/124/16  18                  1,776    5.40    9590.40
           ASSORT    B 50010001000 500
                                                     3,000    5.40   16200.00

This invoice has been sold or assigned to OMNI COMMERCIAL, LLC
and is PAYABLE in U.S. funds at par only to:
THE CIT GROUP/COMMERCIAL SERVICES, INC.
P.O. Box 1036, Charlotte, North Carolina 28201-1036
To whom the account has been reassigned solely for collection and to
whom prompt notice must be given for any returns, claims or disputes of
any kind

00 200182        1   P.O#
                     05380                TOT PCS: 4776         25,790.40

BARCODE APPAREL
1407 BROADWAY
SUITE #305
NEW YORK, NY 10018
Duns:

Returns: 17 EMPIRE BLVD.
         SOUTH HACKENSACK, NJ 07606

PEAR CONNECTION INC.
305 E 8TH. STREET
LOS ANGELES CA 90014

INVOICE ASSIGNED TO OMNI COMM.
PAYABLE IN U.S. DOLLARS TO:
THE CIT GROUP
P.O. BOX 1036
CHARLOTTE, NC 28201
   Approval#: 00

PEAR CONNECTION INC
2552 E OLYMPIC BLVD
LOS ANGELES CA 90023

125 5250

NET 60

PEA-1    1    Inv# 200184    09/22/06                    05380        005092/5

                    B/L# 09774440000011483

B2009-8    Sizes--> 80/124/16  18
           ASSORT  B 50010001000 500
                                              3,000   5.40  16200.00

This invoice has been sold or assigned to OMNI COMMERCIAL, LLC
and is PAYABLE in U.S. funds at par only to:
THE CIT GROUP/COMMERCIAL SERVICES, INC.
P.O. Box 1036, Charlotte, North Carolina 28201-1036
To whom the account has been reassigned solely for collection and to
whom prompt notice must be given for any returns, claims or disputes of
any kind

00 200184    1   P.O# 05380      TOT PCS: 3000        16,200.00

```
BARCODE APPAREL                              INVOICE ASSIGNED TO OMNI COMM.
1407 BROADWAY                                PAYABLE IN U.S. DOLLARS TO:
SUITE #305                                   THE CIT GROUP
NEW YORK, NY 10018                           P.O. BOX 1036
Duns:                                        CHARLOTTE, NC 28201
                                                 Approval#: -00
Returns: 17 EMPIRE BLVD.
         SOUTH HACKENSACK, NJ 07606

PEAR CONNECTION INC.
305 E 8TH. STREET                            PEAR CONNECTION INC
LOS ANGELES CA 90014                         2552 E OLYMPIC BLVD
                                             LOS ANGELES CA 90023


                                                              44217064


                        Inv                          NET 60
                        #
   PEA-1      1     200185    09/22/06
                                                    05380          005092/4
                     B/L# 097744400009262006


  B2027-8      Sizes-->    80/124/16   18
               ASSORT    B  296 592 592 296
  B2006-8      ASSORT    B  472 944 944 472          1,776    5.40    9590.40
  B2017-4      Sizes-->   4   5/6    7               2,832    5.40   15292.80
               ASSORT    B  50015001000
  B2017-8      Sizes-->   80/124/16   18             3,000    5.40   16200.00
               Assort    B  50010001000  500
                                                     3,000    5.40   16200.00
```

This invoice has been sold or assigned to OMNI COMMERCIAL, LLC and is PAYABLE in U.S. funds at par only to: THE CIT GROUP/COMMERCIAL SERVICES, INC. P.O. Box 1036, Charlotte, North Carolina 28201-1036 To whom the account has been reassigned solely for collection and to whom prompt notice must be given for any returns, claims or disputes of any kind

```
                          P.O
                          #
  00 200185      1      05380
                                         TOT PCS: 10608        57,283.20
```

BARCODE APPAREL  
407 BROADWAY  
SUITE # 305  
NEW YORK, NY 10018  
Duns:

Returns: 17 EMPIRE BLVD.  
SOUTH HACKENSACK, NJ 07606

PEAR CONNECTION INC.  
305 E 8TH. STREET  
LOS ANGELES CA 90014

INVOICE ASSIGNED TO OMNI COMM.  
PAYABLE IN U.S. DOLLARS TO:  
THE CIT GROUP  
P O. BOX 1036  
CHARLOTTE, NC 28201  
Approval#: 00

SHIP TO:  
PEAR CONNECTION INC  
2552 E OLYMPIC BLVD  
LOS ANGELES CA 90023

| SHIP VIA | CTNS. | WEIGHT | PP/UPS | SLSMN |
|---|---|---|---|---|
| EAGLE SYSTEMS | | | 107 | 1832 |

| SPECIAL INSTRUCTIONS | TERMS: F.O.B. WAREHOUSE | PICKED | PACKED |
|---|---|---|---|
| | NET 60 | | |

| ACCOUNT NO. | STORE | INVOICE NO. | INVOICE DATE | ORDER COMPLETED | BALANCE TO FOLLOW | CUSTOMER ORDER NO. | DEPT. NO. | VOLAR NO. |
|---|---|---|---|---|---|---|---|---|
| PEA-1 | 1 | 200206 | 09/27/06 | | | 05380 | | 005092/6 |

| STYLE | COLOR | A/B/C/D/E | B/L# 09774440000011537 | | | | | | QUAN. | PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Sizes--> | | 4 | 5/6 | 7 | | | | | | |
| 2027-4 | ASSORT | B | 448 | 448 | 448 | | | | 1,344 | 5.40 | 7257.60 |
| | Sizes--> | | 80 | 124 | 16 | 18 | | | | | |
| 2027-8 | ASSORT | B | 204 | 408 | 408 | 204 | | | 1,224 | 5.40 | 6609.60 |

| INVOICE NO. | STORE NO. | CUSTOMER ORDER NO. | DEPT. NO. | | TOTAL |
|---|---|---|---|---|---|
| 00 200206 | 1 | 05380 | | TOT PCS: 2568 | 13,867.20 |

BARCODE APPAREL
1407 BROADWAY
SUITE #305
NEW YORK, NY 10018
Duns:

Returns: 17 EMPIRE BLVD.
SOUTH HACKENSACK, NJ 07606

**PEAR CONNECTION INC.**
305 E 8TH. STREET
LOS ANGELES CA 90014

INVOICE ASSIGNED TO OMNI COMM.
PAYABLE IN U.S. DOLLARS TO:
THE CIT GROUP
P.O. BOX 1036
CHARLOTTE, NC 28201
Approval#: 00

**PEAR CONNECTION INC**
2552 E OLYMPIC BLVD
LOS ANGELES CA 90023

| SHIP VIA | CTNS. | WEIGHT | PP/UPS |
|---|---|---|---|
| EAGLE SYSTEMS | 251 | 0200 | |

| SPECIAL INSTRUCTIONS | TERMS: F.O.B. WAREHOUSE | PICKED | PACKED |
|---|---|---|---|
| - - | NET 60 | | |

| ACCOUNT NO. | STORE | INVOICE NO. | INVOICE DATE | ORDER COMPLETED | BALANCE TO FOLLOW | CUSTOMER ORDER NO. | DEPT. NO. | VOLAR NO |
|---|---|---|---|---|---|---|---|---|
| PEA-1 | 1 | 200207 | 09/27/06 | | | 05381 | | 005078/1 |

B/L# 09774440000011537

| STYLE | COLOR | A/B/C/D/E | Sizes → S | M | L | XL | 2X | 3X | QUAN. | PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 16448 | H/GREY | M | 668 | 1336 | 1336 | 668 | | | 4,008 | 2.50 | 10020.00 |
| 16448 | BLACK | M | 936 | 1872 | 1872 | 936 | | | 5,616 | 2.50 | 14040.00 |
| 16448 | NAVY | M | 96 | 192 | 192 | 96 | | | 576 | 2.50 | 1440.00 |

| INVOICE NO. | STORE NO | CUSTOMER ORDER NO. | DEPT. NO. | | TOTAL |
|---|---|---|---|---|---|
| 00 200207 | 1 | 05381 | | TOT PCS: 10200 | 25,500.00 |

*NP*

BARCODE APPAREL
1407 BROADWAY
SUITE #305
NEW YORK, NY 10018
Duns:

Returns: 17 EMPIRE BLVD.
         SOUTH HACKENSACK, NJ 07606

PEAR CONNECTION INC.
305 E 8TH. STREET
LOS ANGELES CA 90014

INVOICE ASSIGNED TO OMNI COMM.
PAYABLE IN U.S. DOLLARS TO:
THE CIT GROUP
P.O. BOX 1036
CHARLOTTE, NC 28201
 Approval#: 00

PEAR CONNECTION INC
2552 E OLYMPIC BLVD
LOS ANGELES CA 90023

EAGLE TRUCKING     35310590

                   NET 60

PEA-1      1    200232    10/06/06                     05380         005092  1

                    B/L# 09774440000100606

            Sizes--> PPK
B90706      Assort   P4152                                  4,152  5.40  22420 80
            Sizes-->   4 5/6  7
B2006-4     ASSORT   B 832 832 832                          2,496  5.40  1 47 10
B2001-4     ASSORT   B 904 312 608                          1,824  5.40   984 60


00  200232      1    05380            TOT PCS: 8472              45,748.80

BARCODE APPAREL
1407 BROADWAY
SUITE #305
NEW YORK, NY 10018
Duns:

INV 07/27/2007 ASSIGNED TO OMNI COMM.
PAYABLE IN U.S. DOLLARS TO:
THE CIT GROUP
P.O. BOX 1036
CHARLOTTE, NC 28201
Approval#: 00

Returns: 17 EMPIRE BLVD.
         SOUTH HACKENSACK, NJ 07606

PEAR CONNECTION INC.
305 E 8TH. STREET
LOS ANGELES CA 90014

PEAR CONNECTION INC
2552 E OLYMPIC BLVD
LOS ANGELES CA 90023

house                                    75022500

                                    NET 60

PEA-1     1    200278    10/17/06          05384        005091/2
                         B/L#

         Sizes-->  4/5 6/7  80/124/16  18
B0013   BLACK      K 375 75011251125 750 375
B0013   NAVY       K 375 75011251125 750 375     4,500   4.00  18000.00
B0013   KHAKI      K 375 75011251125 750 375     4,500   4.00  18000.00
B0013   STONE      K 375 75011251125 750 375     4,500   4.00  18000.00
         Sizes-->  4/5 6/78/102/146/18  20       4,500   4.00  18000.00
B00133  BLACK      K 375 75011251125 750 375
B00133  NAVY       K 375 75011251125 750 375     4,500   4.00  18000.00
B00133  KHAKI      K 375 75011251125 750 375     4,500   4.00  18000.00
B00133  stone      K 375 75011251125 750 375     4,500   4.00  18000.00
                                                 4,500   4.00  18000.00

00 200278         1    05384         TOT PCS: 36000      144,000.00

probien.