UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

BARCODE APPAREL, LLC,

                Plaintiff,

    - against -

PEAR CONNECTION INC.. KENPO INC.
and JOHN DOES 1 – 5

                Defendants.

-----------------------------------------------------X

1:07-CV-06111(PKC)

**ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIM**

**DEMAND FOR JURY TRIAL**

August 22, 2007

## ANSWER

    Defendants Pear Connection, Inc. and Kenpo, Inc. (collectively referred to herein as "Defendants") as and for their Answer to the Plaintiff's First Amended Complaint, state as follows:

### Nature of the Action

1.    Answering paragraph 1 of the First Amended Complaint, Defendants admit that they are corporations organized and existing under the laws of California and that their principal places of business are located at 305 E. 8th Street, Los Angeles, California. As to the remainder of the allegations contained in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

2.    Answering paragraph 2 of the First Amended Complaint, Defendants deny that defendant Pear Connection, Inc., has a place of business at 1385 Broadway, New York, New

York and further deny that a substantial part of the events occurred in this District. Defendants further deny that Venue is appropriate in this District.

3.      Answering paragraph 3 of the First Amended Complaint, Defendants admit that they are engaged in the wholesale distribution of apparel. As to the remainder of the allegations contained in said paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis deny each and every allegation contained therein.

4.      Answering paragraph 4 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

5.      Answering paragraph 5 of the First Amended Complaint, Defendants admit that the total amount of all documents identified as exhibits to the First Amended Complaint equal $328,389.20 and that Defendants made a payment of $41,990.40 to Plaintiff. However, in all other respects, Defendants deny the remainder of the allegations set forth in said paragraph.

6.      Answering paragraph 6 of the First Amended Complaint, Defendants state that the allegations in said paragraph constitute conclusions of law as to which no response is required.

7.      Answering paragraph 7 of the First Amended Complaint, Defendants deny the allegations contained in said paragraph.

8.      Answering paragraph 8 of the First Amended Complaint, Defendants admit that the documents identified as Exhibit A are invoices and that they total $328,389.20 and that Defendants made a payment of $41,990.40. Defendants deny the remainder of the allegations

in said paragraph and specifically deny Plaintiff's claim that the balance due to Plaintiff by Defendants is $286,398.80.

9.    Answering paragraph 9 of the First Amended Complaint, Defendants deny the allegations of said paragraph and specifically deny the allegation that Defendants received all of the garments ordered from Plaintiff.

10.    Answering paragraph 10 of the First Amended Complaint, Defendants deny the allegations in said paragraph.

11.    Answering paragraph 11 of the First Amended Complaint, Defendants admit that it made a payment of $41,990.40 and deny the remainder of the allegations contained in said paragraph.

12.    Answering paragraph 12 of the First Amended Complaint, Defendants deny the allegations contained in said paragraph.

13.    Answering paragraph 13 of the First Amended Complaint, Defendants deny the allegations contained in said paragraph.

14.    Answering paragraph 14 of the First Amended Complaint, Defendants admit that there were communications between Plaintiff and Defendants with respect to the goods ordered by Defendants. As to the remainder of the allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

15.    Answering paragraph 15 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

16.    Answering paragraph 16 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

17.    Answering paragraph 17 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

18.    Answering paragraph 18 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

19.    Answering paragraph 19 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

20.    Answering paragraph 20 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

21.    Defendants repeat and incorporate by reference their answers to paragraphs 1 through 20 of the First Amended Complaint as though fully set forth herein.

22.    Answering paragraph 22 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

23.    Defendants repeat and incorporate by reference their answers to paragraphs 1 through 22 of the First Amended Complaint as though fully set forth herein.

24.    Answering paragraph 24 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

25.    Answering paragraph 25 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

26.     Answering paragraph 26 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

27.     Answering paragraph 27 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

28.     Defendants repeat and incorporate by reference their answers to paragraphs 1 through 27 of the First Amended Complaint as though fully set forth herein.

29.     Answering paragraph 29 of the First Amended Complaint, Defendants admit that Karnail Singh is a shareholder of Pear Connection, Inc., and Kenpo, Inc. Defendants deny the remainder of the allegations of said paragraph.

30.     Answering paragraph 30 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

31.     Answering paragraph 31 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

32.     Answering paragraph 32 of the First Amended Complaint, Defendants contend that the allegations contained in said paragraph constitute conclusions of law as to which no response is required. Defendants further contend that they are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis deny each and every allegation contained therein.

33.     Answering paragraph 33 of the First Amended Complaint, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims set forth in the First Amended Complaint fail to state claims upon which relief may be granted.

### Second Affirmative Defense

The claims set forth in the First Amended Complaint are barred, in whole or in part, by the doctrines of unclean hands, waiver and estoppel.

### Third Affirmative Defense

The claims set forth in the First Amended Complaint are barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense

The claims set forth in the First Amended Complaint are barred, in whole or in part, by Plaintiff's failure to make reasonable efforts to mitigate its damages, if any.

### Fifth Affirmative Defense

Defendants allege that this Court lacks subject matter jurisdiction of the claims alleged in the First Amended Complaint and that Venue in this District is not proper.

### Sixth Affirmative Defense

Defendants allege that Plaintiff is barred from recovering attorneys' fees from Defendants as the First Amended Complaint fails to state facts sufficient to support a claim for attorney's fees.

### Seventh Affirmative Defense

Defendants allege that any of the acts of Defendants as alleged in the First Amended Complaint were performed with Plaintiff's consent, if performed at all.

105121

### Eighth Affirmative Defense

Defendants allege that Plaintiff is barred from asserting claims against Defendants by reason of its own actions and conduct, which excused Defendants from performing its alleged obligations, if any, to Plaintiff.

### Ninth Affirmative Defense

Defendants allege that Plaintiff's alleged damages, if any were aggravated by Plaintiff's failure to use reasonable diligence to mitigate, minimize or avoid them.

### Tenth Affirmative Defense

Defendants allege that Plaintiff has failed to perform all conditions and covenants on its part under any purported agreements and/or contracts and, therefore, Plaintiff is estopped from pursuing any claim against Defendants and/or Performance by Defendants has been excused.

### Eleventh Affirmative Defense

Defendants allege that Plaintiff both expressly and impliedly through its conduct, approved, authorized, participated in, and ratified the acts and transactions complained of and are, therefore, estopped from recovery herein.

### Twelfth Affirmative Defense

Defendants allege that it/they are entitled to a right of offset as against Plaintiff that is in excess of any amount claimed by Plaintiff in its First Amended Complaint.

### Thirteenth Affirmative Defense

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it/they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

## COUNTERCLAIM

### Parties

1.      Counterclaim Plaintiffs, Pear Connection, Inc., ("Pear") and Kenpo, Inc. ("Kenpo") are corporations organized and existing under the laws of the State of California, with their principal places of business located at 305 E. 8th Street, Los Angeles, California. Pear and Kenpo are engaged in the business of wholesale and retail distribution of textiles and clothing.

2.      Counterclaim defendant Barcode Apparel, LLC ("Barcode") is, upon information and belief, a limited liability company organized and existing under the laws of New York, having its principal place of business at 1407 Broadway, Suite 305, New York, New York and whose sole member is a New York resident, domiciled in Kings County, New York.  Barcode is a manufacturer and wholesaler of textiles and clothing.

### Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. Section 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4.      This Court has personal jurisdiction over Barcode as Barcode does and transacts business in the State of New York.

5.      Venue is proper in this district pursuant to 28 U.S.C. Section 1391(a) because a substantial part of the events giving rise to Pear and Kenpo's counterclaim occurred in this district.

## Count I

6.    Pursuant to Purchase Order 5381, Pear contracted with Barcode for the purchase of four thousand dozen men's hooded two piece sets at a total purchase price of approximately $408,000.00. Barcode agreed to deliver the goods to Pear on October 1, 2006. The goods contracted for were never delivered and Barcode thereby breached its agreement with Pear. As a result of Barcode's breach, Pear suffered damages in excess of $400,000.

7.    Pursuant to Purchase Order 51539, Kenpo contracted with Barcode for the purchase of 30,000 men's sweatpants at a total purchase price of $82,500. Barcode agreed to deliver the goods to Kenpo July 30, 2006 in the quantity and quality specified by Kenpo. Barcode breached the agreement by delivering nonconforming Boy's sweatpants (and not Men's) and delivered the goods some two months after they were initially promised. As a result of Barcode's breach by delivering non conforming and untimely goods, Kenpo suffered damages in excess of $80,000.

8.    Pursuant to Purchase Order 5385, Pear contracted with Barcode for the purchase of 3,000 dozen Children's Cargo Pants at a total purchase price of approximately $251,640.00. Barcode agreed to deliver the goods according to Pear's specifications. Contrary to the agreement with Pear, Barcode breached its agreement and delivered defective and nonconforming goods. Pear demanded and Barcode accepted the return of the goods shipped under Purchase Order 5385. As a direct result of Barcode's breach, Pear has suffered damages in excess of $100,000.

9.    Pursuant to Purchase Order 5380, Pear contracted for the purchase of 45,000 Boy's two piece sets at a total purchase price of $243,000.00. Barcode agreed to deliver goods conforming to Pear's specifications and in the quantity ordered. Barcode breached the

agreement by delivering nonconforming goods and as a result Pear was forced to return almost the entirety of the goods delivered by Barcode.   As a direct result of Barcode's breach of its agreement, Pear has suffered damages in excess of $140,000.

10.    Pursuant to Purchase Order 51689, Kenpo contracted with Barcode for the purchase of 72,000 Hawaiian Shirts.  Barcode agreed to deliver goods conforming to Kenpo's specifications in quality and quantity.  Barcode breached the agreement by delivering only 36,000 pieces as opposed to the 72,000 promised.  As a direct result of Barcode's breach, Kenpo has suffered damages in excess of $110,000.

11.    In short, as a result of Barcode's breaches of the five Purchase Orders set forth above, Pear has suffered damages in excess of $640,000 and Kenpo has suffered damages in excess of $190,000, for total damages in excess of $830,000.

WHEREFORE, Pear and Kenpo request that judgment be entered in their favor and against Barcode as follows:

(a)    On Count I, compensatory damages in an amount to be determined, plus

interest, attorneys' fees, costs and expenses; and

(b)    Granting such other relief as this Court deems just and proper.

DEFENDANTS
COUNTERCLAIM PLAINTIFFS
PEAR CONNECTION, INC. and
KENPO, INC.

By

Charles W. Pieterse, Esq. (CP4127)
Michael F. Cavolo, Esq. (MCO617)
Whitman Breed Abbott & Morgan LLC
100 Field Point Rd.
Greenwich, CT 06830
203-869-3800
203-869-1951 (facsimile)
cpieterse@wbamct.com
mcavolo@wbamct.com

*Of Counsel:*
Abraham Mathew, Esq.
Mathew & George
801 S. Grand Avenue, Suite 1610
Los Angeles, CA 90017
310-478-4349
310-478-9580 (facsimile)
abraham@mathewandgeorge.com

105121                                    11

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Answer, Affirmative Defenses and Counterclaim was sent via email and overnight mail, this 22nd of August, 2007 to:

Vano Haroutunian, Esq.
Ballon Stoll Bader & Nadler, P.C.
1450 Broadway – 14th Floor
New York, NY 10018

Michael F. Cavolo