BALLON STOLL BADER & NADLER, P.C.
Vano Haroutunian (VH-1010)
Attorneys for Plaintiff
1450 Broadway - 14th Floor
New York, New York 10018
(212) 575-7900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
BARCODE APPAREL, LLC,

                 Plaintiff,

    - against -

PEAR CONNECTION INC., KENPO INC.
and JOHN DOES 1 - 5

                 Defendants.
---------------------------------------------------------------x

Case No. 1:07-CV-06111-PKC

**REPLY TO COUNTERCLAIMS**

      Plaintiff, BARCODE APPAREL, LLC. ("Plaintiff" or "Barcode"), by its attorneys, Ballon Stoll Bader & Nadler, P.C., respectfully pleads as follows in Reply to the allegations contained in the Counterclaims interposed against Barcode by Defendants PEAR CONNECTION INC. ("Pear") and KENPO INC. ("Kenpo"), (collectively "defendants") in their Answer dated August 22, 2007 (the "Answer"):

AS TO THE PARTIES

      1.    Plaintiff admits the allegation set forth in paragraph 1 of the Counterclaim section of the Answer, except neither admits nor denies that Pear and Kenpo are engaged in the business of wholesale and retail distribution of textiles and clothing.

      2.    Plaintiff admits the allegations in paragraph 2 of the Counterclaim section of the Answer.

## AS TO JURISDICTION AND VENUE

3. Plaintiff avers that the allegations contained in Paragraph 3 of the Counterclaim section of the Answer call for legal conclusions to which no response is required.

4. Plaintiff avers that the allegations contained in Paragraph 4 of the Counterclaim section of the Answer call for legal conclusions to which no response is required.

5. Plaintiff avers that the allegations contained in Paragraph 5 of the Counterclaim section of the Answer call for legal conclusions to which no response is required.

## AS TO COUNT I

6. Barcode denies each and every allegation, express or implied, set forth in paragraph 6 of Count I of the Answer except it affirmatively admits that Plaintiff received a Purchase Order 5381 from Pear for the delivery of goods, but Pear failed to honor its commitment under said Purchase Order to provide Bank guarantees.

7. In addition, Pear failed to assert its rights in a timely manner and its claim is therefore barred by the doctrine of laches.

8. The Counterclaim is also barred pursuant to the doctrine of waiver as well as pursuant to the doctrine of equitable estoppel.

9. Barcode denies each and every allegation, express or implied, set forth in paragraph 7 of Count I of the Answer except it affirmatively admits that Plaintiff received a Purchase Order 51539 from Kenpo for the delivery of goods but Pear failed to honor its commitment under said Purchase Order to provide Bank guarantees.

10. In addition, Kenpo failed to assert its rights in a timely manner and its claim is therefore barred by the doctrine of laches.

11.  The Counterclaim is also barred pursuant to the doctrine of waiver as well as pursuant to the doctrine of equitable estoppel.

12.  Barcode denies each and every allegation, express or implied, set forth in paragraph 8 of Count I of the Answer except it affirmatively admits that Plaintiff received a Purchase Order 5385 from Pear and delivered the goods as agreed. Nevertheless, after Pear received all of the garments it had ordered from Barcode, it began a series of ploys and maneuvers to delay paying for the goods as it had agreed to do. Among its ploys, Pear complained of the quality of merchandise in order to evade its payment obligations. Barcode requested that Pear return the goods in order to resell them to another garment company. However, Pear retained the goods in an attempt to sell a maximum number of the merchandise, knowing that it would refuse payment for the goods that it did sell. The goods that were partially returned by Pear were returned late and damaged, causing damages to Barcode. Barcode was also damaged by Pear's non-payment of the goods that it retained.

13.  The Counterclaim is therefore additionally barred by the doctrine of unclean hands.

14.  In addition, Pear failed to assert its rights in a timely manner and its claim is therefore barred by the doctrine of laches.

15.  The Counterclaim is also barred pursuant to the doctrine of waiver as well as pursuant to the doctrine of equitable estoppel.

16.  Barcode denies each and every allegation, express or implied, set forth in paragraph 9 of Count I of the Answer except it affirmatively admits that Plaintiff received a Purchase Order 5380 from Pear and delivered the goods according to Pear's specifications prior to the ship date listed on the Purchase Order of September 15, 2006. After Pear received all of

the garments it had ordered from Barcode, it began a series of ploys and maneuvers to delay paying for the goods as it had agreed to do. Pear again complained of the quality of the goods to avoid payment of its obligations and pressured Barcode into issuing a massive discount for the goods. Barcode declined, explaining to Pear that it would suffer huge losses, but attempted to accommodate Pear by requesting that Pear return the merchandise promptly. Pear retained the merchandise for about six (6) months before it only partially returned some of the goods to Barcode. Not only did Pear not return the goods in a timely fashion, but it maliciously returned them in damaged condition. For example, goods that consisted of Boys' two-piece sets were partially returned to Barcode in broken boxes, open bags and mixed colors and sizes. In light of the above, Barcode was obligated to liquidate the returned merchandise at deeply discounted prices, and suffered big losses as a result of Pear's malicious conduct. Additionally, Barcode suffered losses from Pear's refusal to pay for the retained goods that it did sell and did make a profit on, and from the dreadful condition of the returned goods.

17. The Counterclaim is therefore additionally barred by the doctrine of unclean hands.

18. Pear also failed to assert its rights in a timely manner and its claim is therefore barred by the doctrine of laches.

19. The Counterclaim is also barred pursuant to the doctrine of waiver as well as pursuant to the doctrine of equitable estoppel.

20. Barcode denies each and every allegation, express or implied, set forth in paragraph 10 of Count I of the Answer. Barcode affirmatively admits that Plaintiff received a Purchase Order 51689 from Kenpo and delivered 36,000 pieces accordingly. However, Kenpo either refused or neglected to issue a letter of credit, pursuant to the terms of the Purchase Order,

to cover for the price of the 36,000 remaining pieces.

21.  Kenpo's claim is also barred pursuant to the doctrine of equitable estoppel.

22.  In addition, the Counterclaim is barred by the doctrine of unclean hands.

23.  Barcode suffered huge losses as a result of Pear's late and partial returns, as well as Pear's non-payment for the goods that were delivered, received and sold by Pear.

WHEREFORE, plaintiff demands judgment in its favor and against the Defendants:

(a) dismissing the First, Second, Third, Fourth and Fifth Counterclaims;

(b) striking the Affirmative Defenses as insufficient as a matter of law; and

(c) in all other respects, awarding Barcode relief as demanded in the Complaint.

Dated: September 11, 2007
       New York, New York

                                BALLON STOLL BADER & NADLER, P.C.

                                By_____
                                    Vano Haroutunian (VH-1010)
                                Attorneys for Plaintiff
                                1450 Broadway - 14th Floor
                                New York, New York  10018
                                (212) 575-7900