**BALLON STOLL BADER & NADLER, P.C.**
COUNSELLORS AT LAW          FOUNDED 1931

1450 Broadway, New York, NY 10018-2268
Tel: 212-575-7900  Fax: 212-764-5060
www.ballonstoll.com

Affiliate offices:
Hackensack, New Jersey
Philadelphia, Pennsylvania

Vano Haroutunian
212-575-7900 ext. 204
vharoutunian@ballonstoll.com

September 21, 2007

**By ECF and**
**Fax: 212-805-7949**
Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl St., Room 2260
New York, NY 10007

  Re: **Barcode Apparel, LLC v. Pear Connection, Inc. et al.**
    **U.S.D.C., S.D.N.Y., Docket No.: 07 CIV 6111**
    **Our File No: 16453-006**

Honorable Sir:

In accordance with the Court's Initial Scheduling Order, this letter is submitted jointly by (a) counsel for the plaintiff and counterclaim-defendant, Barcode Apparel, LLC ("Barcode"), and (b) counsel for defendants and counterclaim-plaintiffs Pear Connection, Inc. ("Pear") and Kenpo, Inc. ("Kenpo"), (the "Defendants"). The initial pre-trial conference is scheduled for Friday, September 28, 2007 at 12:45 p.m.

**I.** **Description of the Case**
 **A.** **Plaintiff's Claims**

The Plaintiff commenced this action to recover a balance of $286,398.80, which it claims is past due and owing for goods purchased and received from Barcode. The Plaintiff claims that the goods had a contract price and invoiced price and reasonable value of $328,389.20, of which only $41,990.40 has been paid, leaving a balance past due and owing of $286,398.80, with interest on plaintiff's invoices beginning from September 22, 2006.

The Plaintiff claims that after the defendants received goods from plaintiff, the defendants began a series of ploys and maneuvers to delay paying for the goods and to evade payment of the major part of the amount payable for the goods. The Plaintiff contends that the defendants failed to make payments on several invoices, and by December 16, 2006, the entire balance of $286,398.80 was past due and owing to Barcode Apparel by the defendants.

Honorable P. Kevin Castel
September 21, 2007
Page 2 of 2

### B. Defendants' Defenses and Counterclaim

In defense, Defendants contend that the goods Plaintiff delivered were defective and/or non-conforming. Defendants further contend that Plaintiff breached an agreement with Defendants by failing to deliver goods ordered under five purchase orders and that Defendants were thereby damaged in an amount in excess of $800,000. This latter allegation forms the basis of Defendants' counterclaim.

### C. Plaintiff's Defense to Counterclaim

Plaintiff's position to the counterclaims is that any orders that were not delivered were caused by defendants' failure to secure either bank guarantees or letters of credit, which were conditions precedent to the release of the ordered goods due to defendants' shaky credit-worthiness. In addition, the Plaintiff contends that whenever defendants complained of nonconforming goods, plaintiff requested their immediate return to mitigate damages for both parties. The Plaintiff further contends that it was damaged by defendants' withholding of the allegedly nonconforming goods, their late return and/or their return in damaged condition.

## II. Contemplated Motions

Both parties contemplate the possibility of making a Motion for Summary Judgment and/or Summary Adjudication.

## III. Prospect for Settlement

The parties are willing to meaningfully participate in settlement discussions and in mediation. Accordingly, both parties believe that the prospect for settlement is favorable.

Respectfully submitted,

Vano Haroutunian