BALLON STOLL BADER & NADLER, P.C.
Vano Haroutunian (VH-1010)
Attorneys for Plaintiff
1450 Broadway - 14th Floor
New York, New York 10018
(212) 575-7900

```
┌─────────────────────────────┐
│ USDS SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____               │
│ DATE FILED: 10/3/07          │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

BARCODE APPAREL, LLC,                                        Case No. 1:07-CV-06111-PKC

                                    Plaintiff,

            - against -                                      **CIVIL CASE MANAGEMENT PLAN
                                                             AND SCHEDULING ORDER**

PEAR CONNECTION INC., KENPO INC.
and JOHN DOES 1 - 5

                                    Defendants.
-----------------------------------------------------------x


        This Civil Case Management Plan, submitted in accordance with Rule 26(f), Fed. R. Civ.
P., is adopted as the Scheduling Order of this Court in accordance with Rule 16(f), Fed. R. Civ.
P.

1.      All parties do not consent to conducting all further proceedings before a Magistrate
        Judge, including motions and trial.  28 U.S.C. §636(c).

2.      This case is to be tried to a jury.

3.      Amended pleadings may not be filed and additional parties may not be joined except with
        leave of the Court.  Any motion to amend or to join additional parties shall be filed within
        30 days from the date of this Order.

4.      Initial disclosure pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later
        than 14 days from the date of this Order.    *March 31, 200 8*    (*PKC*)

5.      All fact discovery shall be completed no later than ~~January 31, 2008~~.

6.      The parties are to conduct discovery in accordance with the Federal Rules of Civil
        Procedure and the Local Rules of the Southern District of New York.  The following
        interim deadlines may be extended by the written consent of all parities without
        application to the Court, provided all fact discovery is completed by the date set forth in
        paragraph 5 above:

        a.      Initial requests for production of documents to be served by October 31, 2007.
        b.      Interrogatories to be served by October 31, 2007.

c.    Depositions to be completed by <u>January 15, 2008</u>.

d.    Requests to Admit to be served no later than <u>January 31, 2008</u>.

*PKC*

*May 16, 2008*

7.    a.    All <u>expert</u> discovery shall be completed no later than <s>March 17, 2008</s>.

b.    No later than thirty (30) days <u>prior to</u> the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) plaintiff(s)' expert report(s) shall be due before those of defendant(s)' expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.    Pursuant to the authority of Rule 16(b)(2), Fed. R. Civ. P., a motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days of the close of fact discovery (see paragraph 5 hereof).

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid for an early settlement of this case and have agreed upon the following: <u>Not Applicable</u>.

b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: <u>Magistrate Judge.</u>

c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case: <u>After the close of fact discovery.</u>

d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions <u>in limine</u> (for which the promotion conference requirement is waived) shall be filed by the Final Pretrial Submission Date. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P.  If this action is to be tried to the

Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12.     Counsel for the parties have conferred and their present best estimate of the length of trial is: <u>One week</u>.

*Refr to Magistrate judge Katz for settlmt.*

## TO BE COMPLETED BY THE COURT:

13.     [Other directions to the parties]

14.     The (next Case Management) (Final Pretrial Conference) is scheduled for *Apl 4, 2008 at 2 pm*

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend shall be made in a written application in accordance with paragraph 1 (E) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

                                    _____
                                    P. Kevin Castel
                                    United States District Judge

Dated: New York, New York
       *9-28-07*

- 3 -